IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HPHC INSURANCE COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Case No. 17-87C <br> Judge Lydia Kay Griggsby |

**JOINT STATUS REPORT**

Pursuant to this Court's February 3, 2017 order, Dkt. 6, the parties submit this Joint Status Report stating their respective views on whether this matter should be stayed pending resolution of this Court's similar, pending cases. Because, after good faith discussions, the parties have been unable to reach agreement as to whether this Court should enter a stay, the parties present their positions respectively.

**I.     The United States' Position**

This suit is one of 19 cases filed in the Court of Federal Claims in which health insurance companies claim that they are entitled to additional payments under the risk corridors program created by Section 1342 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18062. Collectively, the insurers are seeking more than eight billion dollars from the government.

**A.     The Three Previously-Filed Cases Before This Court**

This is the fourth-filed case before this Court, succeeding *Blue Cross and Blue Shield of North Carolina v. United States (BCBSNC)*, No. 16-651C, *Minuteman Health*

*Inc. v. United States*, No. 16-1418C, and *Blue Cross and Blue Shield of South Carolina v. United States (BCBSSC)*, No. 16-1501C. As this Court noted in its February 3, 2017 order, "[i]n addition to [HPHC]'s case, there are several pending matters before the Court that raise issues similar to those presented in [HPHC]'s complaint."

In *Minuteman*, this Court issued an Order staying all proceedings on November 7, 2016. Dkt. 7. On February 15, 2017 the parties filed a joint status report recommending that the Court continue the stay of all proceedings. Dkt. 8. The parties recognized that Minuteman's claim for damages under Section 1342 is currently being litigated in *Land of Lincoln Mutual Health Insurance Co. v. United States*, No. 17-1224 (Fed. Cir. 2016). In that appeal, Land of Lincoln filed its opening brief on January 31, 2017. The United States' response is currently due March 13, 2017. The *Minuteman* parties explained that the Federal Circuit's ruling in *Land of Lincoln* "will clarify and refine the issues in this case" and, thus, requested that this Court extend the stay until the Federal Circuit issues its opinion. This Court granted the parties' request that same day, ordering that the stay continue pending a decision in *Land of Lincoln* and asking the parties to file a joint status report 14 days after that decision "stating their respective views on whether the Court should continue the stay of this matter and how this matter should proceed." Dkt. 9.

In *BCBSSC*, this Court issued a stay on December 29, 2016 "pending further developments in several earlier filed cases that raise similar claims."[1] Dkt. 8. This Court acknowledged that "a stay will conserve judicial resources, as well as the resources of both parties, by potentially reducing the amount of briefing on issues that are already pending before various judges." *Id.* This Court ordered the parties to file a joint status

---

[1] The United States moved for a stay without opposition. Dkt. 7.

report on or before March 1, 2017, addressing (a) whether the stay should continue and, if warranted, (b) a proposed schedule for briefing dispositive motions. *Id.*

In *BCBSNC*, the Complaint was filed on June 2, 2016, more than seven months before HPHC filed. The United States moved to dismiss BCBSNC's Complaint, both for lack of jurisdiction (Rule 12(b)(1)) and on the merits (Rule 12(b)(6)) on September 30, 2016. Dkt. 10. That motion was briefed by the parties, initially concluding with BCBSNC's December 2, 2016 sur-reply. Dkt. 20-1. Then, on February 13, 2017, this Court issued a scheduling order requesting supplemental briefing by the parties on the United States' motion to dismiss. Dkt. 25. This Court identified four questions the parties should address in the briefing, which will be concluded by March 17, 2017. *Id.* This Court also asked the parties to file a joint status report addressing potential dates for oral argument in the first two weeks of April. *Id.*

### B. HPHC's Suit

HPHC filed its complaint on January 18, 2017. HPHC makes only one claim for relief—a claim based upon Section 1342. That identical claim is made by BCBSNC (Count I), the other two plaintiffs before this Court, and every other risk corridors plaintiff in the Court of Federal Claims. A review of HPHC's Complaint reveals no new facts or legal arguments that are not already before this Court (and, indeed, now the Federal Circuit).

### C. This Court Should Enter a Stay

Despite the fact that this Court has already stayed two previously-filed cases and is on the verge of scheduling argument in *BCBSNC*, which may, presumably, result in this Court entering judgment on a claim identical to that brought by HPHC, HPHC

3

declined the United States' request for a limited stay of this action pending (a) this Court's decision in *BCBSNC* and (b) the Federal Circuit's decision in *Land of Lincoln*. Despite the fact that the United States is not required to answer HPHC's Complaint until March 20, 2017, HPHC indicates that it intends to file a motion for summary judgment immediately.

For the reasons this Court recognized that a stay is appropriate in *Minuteman* and *BCBSSC*, a stay is equally warranted here. As the Supreme Court has made clear, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (refusing to establish rule that would prohibit "a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger"). There can be no reasonable dispute that the Federal Circuit's ruling in *Land of Lincoln* will clarify and refine the issues in this case. In addition to the *Land of Lincoln* parties' briefs, seven *amici curiae* briefs have been filed with the Federal Circuit, including briefs by a number of the plaintiffs currently before the Court of Federal Claims: (1) America's Health Insurance Plans; (2) Blue Cross and Blue Shield of South Carolina and BlueChoice HealthPlan of South Carolina, Inc.; (3) Highmark Inc., Highmark BCBSD Inc., Highmark West Virginia Inc., Blue Cross and Blue Shield of North Carolina, Blue Cross of Idaho Health Service., Inc., and Blue Cross and Blue Shield of Kansas City; (4) National Alliance of State Health CO-OPs; (5) Alliance of Community Health Plans; (6) Health Republic Insurance Company; and (7) Moda Health Plan, Inc., Avera Health Plans, Inc., and DAKOTACARE.

Furthermore, this Court's ruling in BCBSNC will also refine the issues to be addressed in this case. Thus, a stay here will, like in *Minuteman* and *BCBSSC*, conserve judicial resources, as well as the resources of both parties. Significantly, HPHC does not identify a single unique legal or factual issue that should allow it to jump to the head of the line of cases to be resolved.

Even if the Federal Circuit, in resolving whether Section 1342 entitles insurers to additional payments under the risk corridors program, benefits from multiple decisions by different judges of the Court of Federal Claims, there is no value from multiple decisions by this Court, as this Court will presumably resolve identical legal issues (with no distinguishing facts) in an identical fashion. HPHC argues that none of the other cases before this Court include a motion for summary judgment. But the United States' pending motion to dismiss in *BCBSNC* addresses under Rule 12(b)(6) the merits question of whether Section 1342 obligates the United States to pay full annual payments over and above prorated collections to risk corridors plaintiffs. That is the identical merits question that HPHC raises in its Complaint and upon which it would move for summary judgment. Thus, the merits question is squarely before this Court in *BCBSNC*.

HPHC also asserts that in three cases where the United States sought a stay and the plaintiff opposed, the courts did not enter a stay. HPHC ignores, though, that numerous other risk corridors plaintiffs (including *Minuteman* and *BCBSSC*) have recognized that it would be needless to have 19 cases proceed simultaneously and have either moved for, or agreed to, a stay. Finally, HPHC fails to acknowledge it has the same counsel as two of the three plaintiffs who opposed a stay (Maine Community Health Options and Montana Health CO-OP) and that its Complaint is virtually identical

to the complaints filed in those two cases. In those cases, the plaintiffs filed motions for summary judgment, which have been fully briefed, argued, and submitted for decision.

Because the United States disagrees with HPHC's position, we ask this Court to issue a stay of all proceedings until July 18, 2017, six months from the date of HPHC's Complaint, which will allow time for the Federal Circuit and this Court to entertain the pending cases and potentially issue rulings. We request that this Court direct that the parties file a joint status report on or before July 18, 2017, addressing (a) whether the stay should continue and, if warranted, (b) a proposed schedule for briefing dispositive motions.

## II. HPHC's Position

Plaintiff HPHC is respectfully of the view that this matter should not be stayed. As detailed in its complaint, HPHC is seeking damages against the United States in excess of $19 million as a result of the United States failing to honor its legal obligations under risk corridors program created by Section 1342 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18062. Compl. ¶¶ 18, 58-59, 61-63, 66, 72, 76. While multiple other cases raising the same general claim are pending in the Court of Federal Claims, including before your Honor, the fact that other plaintiffs might have filed earlier in time than HPHC is not good cause to stay this case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

Although the request for the parties' position on whether this case should be stayed has been raised by the Court, and not by motion of the United States, it is

nonetheless instructive in light of the United States' position (set out above) to note that in every risk corridors case in which the United States has moved for a stay without plaintiffs' consent, its request has been denied. *See* Opinion and Order Denying Defendant's Motion to Stay, *Moda Health Plan, Inc. v. United States*, No. 16-649C (Fed. Cl. Nov. 28, 2016) (Wheeler, J.), ECF No. 12, Order, *Maine Cmty. Health Options v. United States*, No. 16-967 (Fed. Cl. Dec. 2, 2016) (Merow, J.), ECF No. 16 (Maine Stay Order); Order, *Montana Health CO-OP v. United States*, No. 16-1427 (Fed Cl. Dec. 14, 2016) (Wolski, J.), ECF No. 16. The same logic should apply here.

The United States appeals to notions of judicial economy. Undoubtedly, this Court has broad discretion to manage its docket as it deems appropriate, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997), but that discretion is bounded by due regard for the plaintiff's interests in obtaining justice for its cause. *Id*. at 707 (finding that district court abused its discretion in granting stay); *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (stating that discretion to stay "is not . . . without bounds") (citing *Hendler v. United States*, 952 F.2d 1364, 1380 (Fed. Cir. 1991)); *Nat'l Food & Beverage Co. v. United States*, 96 Fed. Cl. 258, 263 (2010) (noting that discretion to stay "is not unbounded.").

The fact that several other risk corridors cases are currently stayed is immaterial. Every one of the stayed cases is one in which the plaintiff consented to the stay. That is well within the right and discretion of each of those plaintiffs to decide, but it is not what HPHC has decided.[2] The premise of the rule recognized in the *Landis* decision and

---

[2] HPHC takes exception to the United States' comment that "numerous other risk corridors plaintiffs (including *Minuteman* and *BCBSSC*) have recognized that it would be needless to have 19 cases proceed simultaneously and have either moved for, or agreed

others is that HPHC is entitled to the counsel of its choice and to develop its arguments as it deems fit. HPHC, no less than any other plaintiff, is entitled to be heard, irrespective of whether other plaintiffs with similar claims filed their complaints earlier in time.

Addressing this point specifically, Judge Merow stated in denying the United States' motion to stay in *Maine Community Health Options*:

> The existence of separate, active cases that will at some point in the future have outcomes that are potentially relevant for the issues raised by plaintiff in this case simply does not militate in favor of a stay. Such simultaneous litigation is common not only within circuits around the country, but also on the various dockets at this court.

*Maine* Stay Order at 2. That sentiment is no less true and applicable in this case.

It is also worth pointing out that HPHC has informed the United States that it intends to file a motion for summary judgment, which HPHC intends to do no later than February 24. HPHC believes the question of the United States' liability under Section 1342 of the Affordable Care Act can and should be decided as a matter of law, without need for further fact development. To this point, it can be noted that not one of the other cases pending before your Honor includes a motion for summary judgment. The United States dismisses this procedural fact as irrelevant, reasoning that the merits issue is already before the Court by way of the government's motion to dismiss in *BCBSNC*. The government misses the point. HPHC points this out not because the Court has no other opportunity to address the merits, but because *no other plaintiff* has taken the opportunity to brief *its affirmative case* on the merits to the Court. That is the rub of the rule articulated in *Landis* and recognized by Judge Merow in *Maine*—a plaintiff should be

---

to, a stay." What other plaintiffs "recognize" is impossible to know – parties agree to stays for any number of reasons. The United States is improperly representing its own tendentious assumptions as fact.

free to pursue its legitimate complaints, and not have its rights or obligations determined by the fate of parties in other cases. Put another way, the United States should not get to dictate the narrative for this Court.

Nor does it matter, as the United States suggests, that counsel for HPHC serves as counsel for two other risk corridors plaintiffs that have moved for summary judgment in cases pending before other judges of this Court. HPHC's lawsuit concerns the United States' liability to HPHC, not to its counsel, and for itself HPHC has the right to choose its counsel and how to proceed.

Finally, proceeding in this matter would not constitute HPHC "jumping to the head of the line," as the United States complains in its position set out above. HPHC asks only that it be allowed to proceed at the usual clip of litigation. The fact that other plaintiffs, in consultation with their own counsel, have consented to stays in other cases should not restrict HPHC's (or any other plaintiff's) independent right to proceed and be heard. As the United States would have it, if other plaintiffs before this Court choose of their own volition to stop, then HPHC must also stop. That is not, and never has been, the rule.

Accordingly, HPHC respectfully asks that this matter not be stayed.

Dated: February 16, 2017                    Respectfully submitted,

                                            CHAD A. READLER
                                            Acting Assistant Attorney General

                                            RUTH A. HARVEY
                                            Director
                                            Commercial Litigation Branch

                                            KIRK T. MANHARDT
                                            Deputy Director

| | /s/ Marc S. Sacks |
| --- | --- |
| | MARC S. SACKS |
| | CHARLES E. CANTER |
| | TERRANCE A. MEBANE |
| | FRANCES M. MCLAUGHLIN |
| | L. MISHA PREHEIM |
| | PHILLIP M. SELIGMAN |
| | Commercial Litigation Branch |
| | Civil Division |
| | United States Department of Justice |
| | P.O. Box 875 |
| | Ben Franklin Station |
| | Washington D.C. 20044-0875 |
| | Tel. (202) 307-1104 |
| | Fax (202) 514-9163 |
| | marcus.s.sacks@usdoj.gov |
| | |
| | ATTORNEYS FOR THE UNITED STATES |
| | |
| | */s/ Stephen McBrady* |
| | Stephen McBrady, Esq. |
| | CROWELL & MORING LLP |
| OF COUNSEL: | 1001 Pennsylvania Avenue, NW |
| Daniel Wolff, Esq. | Washington, DC 20004 |
| Xavier Baker, Esq. | Tel: (202) 624-2500 |
| Skye Mathieson, Esq. | Fax: (202) 628-5116 |
| Sharmistha Das, Esq. | SMcBrady@crowell.com |
| CROWELL & MORING LLP | |
| 1001 Pennsylvania Avenue, NW | *Attorney for Plaintiff HPHC* |
| Washington, DC 20004 | |
| Tel: (202) 624-2500 | |