# In the United States Court of Federal Claims

| | |
|---|---|
| HPHC INSURANCE COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-87C |
| v. ) | |
| ) | Filed: July 11, 2017 |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## STAY ORDER

### I. INTRODUCTION

The above-captioned matter is one of several cases currently pending before this Court, and the United States Court of Appeals for the Federal Circuit, in which a plaintiff seeks to recover monies allegedly due from the United States for violation of the Patient Protection and Affordable Care Act, Pub. L. 111-148, 124 Stat. 119 (Mar. 23, 2010) (the "ACA"), breach of contract, and takings. In this particular action, HPHC Insurance Company, Inc. ("HPHC") alleges that it is entitled to recover damages and other relief from the United States for violation of Section 1342 of the ACA and its implementing regulations, and for breach of the government's risk corridors payment obligations under an alleged implied-in-fact contract. *See generally* Am. Compl.

HPHC has moved for partial summary judgment on the issue of whether the government is obligated to make full, annual risk corridors program payments to HPHC under the ACA, pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Pl. Mot. The government has also moved to dismiss this matter for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and (6). *See generally* Def. Mot.

For the reasons discussed below, a stay of further proceedings in this matter, until the Federal Circuit issues decisions in *Land of Lincoln Mut. Health Ins. Co. v. United States*, 129

Fed. Cl. 81 (2016), *appeal docketed*, No. 17-1224 (Fed. Cir. Nov. 16, 2016) ("*Land of Lincoln*"), and *Moda Health Plan, Inc. v. United States*, 130 Fed. Cl. 436 (2017), *appeal docketed*, No. 17-1994 (Fed. Cir. May 9, 2017) ("*Moda*"), is warranted and in the interest of judicial economy. And so, the Court **STAYS** further consideration of the parties' dispositive motions pending the Federal Circuit's decisions in *Land of Lincoln* and *Moda*.

## II. BACKGROUND

On February 3, 2017, the Court directed the parties to submit a joint status report indicating their respective views on whether this matter should be stayed pending the resolution of similar cases then-pending before the Court. Order, dated Feb. 3, 2017 (docket entry no. 6). On February 16, 2017, the parties filed a joint status report indicating that the government was of the view that the Court should stay this case pending the resolution of *Land of Lincoln*. HPHC disagreed with the government's view and requested that the Court not stay this matter, notwithstanding the fact that similar cases were then-pending before the Court. *Id*. And so, the Court directed the government to file an answer or response to the complaint, on or before March 30, 2017. Order, dated Feb. 21, 2017 (docket entry no. 8). Thereafter, the parties commenced the briefing of plaintiff's motion for partial summary judgment and the government's motion to dismiss. *See generally* Pl. Mot.; Def. Mot; Pl. Resp.; Def. Reply (docket entry nos. 12, 13, 16, 18). Briefing was completed on those motions on May 15, 2017.

## III. LEGAL STANDARDS

It is well-established that "[t]he power of a federal trial court to stay its proceedings, even for an indefinite period of time, is beyond question." *Cherokee Nation of Oklahoma v. U.S.*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citation omitted). Such power "is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted).

The Court's discretion in staying its proceedings, however, is not without bounds. "A stay so extensive that it is 'immoderate or indefinite' may be an abuse of discretion." *Cherokee Nation of Oklahoma*, 124 F.3d at 1416 (citations omitted). And so, the Court must balance the interests favoring stay against interests frustrated by such an action.

## IV. DISCUSSION

The balance of interests here favors a stay of further proceedings in this matter pending the Federal Circuit's resolution of *Land of Lincoln* and related appeals. As the parties are aware, there are two companion cases currently pending before the Federal Circuit in which the Court of Appeals will consider whether the United States is obligated to pay certain sums for alleged violation Section 1342 of the ACA, contractual violations, and takings. *See Land of Lincoln*, 129 Fed. Cl. 81; *Moda*, 130 Fed. Cl. 436. On May 30, 2017, the Federal Circuit issued an order indicating that *Land of Lincoln* and *Moda* "are companion cases and will be assigned to the same merits panel." *See* Appeal Order, dated May 30, 2017. In addition, the parties to those appeals have fully briefed the issues on appeal in *Land of Lincoln* and briefing of the issues in *Moda* is ongoing. *See id*.

Since briefing commenced on plaintiff's motion for partial summary judgment in this matter, the Court has also issued a Memorandum Opinion and Order in *Blue Cross and Blue Shield of North Carolina v. United States, No. 16-651C,* April 18, 2017, which addresses substantially identical legal and factual issues regarding whether the United States is obligated to pay certain sums for alleged violation of the ACA, breach of contract, and takings. *See Blue Cross and Blue Shield of North Carolina v. United States*, 131 Fed. Cl. 457 (2017), *appeal docketed*, No. 17-2154 (Fed. Cir. June 14, 2017). On June 14, 2017, an appeal in that matter was filed with the Federal Circuit and that appeal is also currently pending. *Id*.

The Court has also carefully reviewed the parties' submissions in this case related to plaintiff's motion for partial summary judgment and the government's motion to dismiss. This review makes clear that the legal and factual issues to be resolved in the parties' dispositive motions are substantively identical to those presented in *Land of Lincoln*, *Moda*, and *Blue Cross and Blue Shield of North Carolina.*[1] And so, the Federal Circuit's resolution of the aforementioned appeals will likely resolve, in whole or in part, the legal and factual issues raised in the parties' pending motions.

---

[1] On June 14, 2017, an appeal was docketed in *Blue Cross and Blue Shield of North Carolina v. United States*. *See Blue Cross and Blue Shield of North Carolina v. United States*, 131 Fed. Cl. 457 (2017), *appeal docketed*, No. 17-2154 (Fed. Cir. June 14, 2017). The parties have not yet commenced briefing.

## V. CONCLUSION

In light if the forgoing, the Court:

1. **STAYS** further proceedings in this matter pending decisions by the Federal Circuit in *Land of Lincoln* and *Moda*; and

2. **ORDERS** the parties to **FILE** a Joint Status Report within fourteen days after the Federal Circuit issues decisions in *Land of Lincoln* and *Moda* stating their respective views on:

    (a) whether the Court should continue the stay of this matter;
    (b) the impact of the Federal Circuit's decisions on the parties' respective dispositive motions; and
    (c) how this matter should proceed.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge